**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| BERNARDO GUERRERO GONZALEZ,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN / FACILITY DIRECTOR, WEST TENNESSEE DETENTION FACILITY,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 2:25-cv-03073-MSN-cgc<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DIRECTING PETITIONER TO FILE AN *IN FORMA PAUPERIS* AFFIDAVIT AND TRUST FUND ACCOUNT STATEMENT OR PAY THE HABEAS FILING FEE, AND DIRECTING CLERK TO MAIL FORM**

On November 24, 2025, Bernardo Guerrero, Jr. ("Mr. Guerrero") filed (1) a *pro se* petition under 28 U.S.C. § 2241 on behalf of his father, Bernardo Guerrero Gonzalez ("Mr. Gonzalez") (ECF No. 1, "Petition") and (2) a motion for leave to proceed *in forma pauperis* on behalf of Mr. Gonzalez (ECF No. 3, "IFP Motion.")  On January 13, 2026, Mr. Guerrero filed an Emergency Motion Requesting Status Update and Expedited Review of Habeas Corpus Petition.  (ECF No. 5, "Emergency Motion.")

In the Petition, Mr. Guerrero states that he submitted it "acting as Next Friend" of Mr. Gonzalez, who "is currently detained at the West Tennessee Detention Facility ['WTDF'] […] [in] Mason, Tennessee […] and is unable to personally prepare or file this Petition."  (ECF No. 1 at PageID 1.)  In the IFP Motion, Mr. Guerrero states that Mr. Gonzalez "is currently detained at the [WTDF] and has no income or access to financial resources.  [Mr. Gonzalez] possesses no assets, no bank accounts, and no savings, and therefore cannot pay the $5.00 filing fee."  (ECF No. 3 at

PageID 28.)  In the IFP Motion, Mr. Guerrero states further that Mr. Gonzalez "is unable to complete financial affidavits due to detention restrictions.   His son, Bernardo Guerrero, Jr., a U.S. citizen, files this Motion as Next Friend under *Whitmore v. Arkansas*, 495 U.S. 149 (1990)."   (*Id*.) Mr. Guerrero contends that "[g]ood cause exists to grant IFP status because denying it would block [Mr. Gonzalez's] access to this Court in violation of Due Process."   (*Id*.)

For the reasons explained below, the IFP Motion (ECF No. 3) is **DENIED**.

Ordinarily, a party in federal court must proceed either through licensed counsel or on his own behalf.  *See* 28 U.S.C. § 1654; *Brown v. City of Louisville Police Dep't*, 929 F.2d 700 (table), No. 90-6505, 1991 WL 43925, at *1 (6th Cir. Apr. 1, 1991).   Thus, another person may not usually sign pleadings on behalf of a party.   There is an exception for habeas cases.

Under 28 U.S.C. § 2242, "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting on his behalf."   Although the text of this statute does not list any limitations, courts have consistently interpreted it as containing a limitation on who can sign a writ as "someone acting on" the prisoner's behalf:

> [A] "next-friend" may not file a petition in every case in which the person actually detained might file a petition.  Over the years, a small body of case law has developed around the question of when a "next-friend" application is appropriate.   Three principles . . . can be distilled from the precedents.
>
> First, the authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be "next-friend."
>
> Second, individuals not licensed to practice law by the state may not use the "next-friend" device as an artifice for the unauthorized practice of law.   The "next-friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ,"

> may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined.
>
> Third, when the application for habeas corpus filed by a would be "next-friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next-friend" device, the court is without jurisdiction to consider the petition.

*United States of America v. Tate*, No. 02-2625 (W.D. Tenn. Aug. 20, 2002), ECF No. 2 at PageID 2–3 (citing *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978)). "The first part of the first prong in *Garza* and the third prong frequently collapse into an examination of whether and why the prisoner is not filing the case himself." *Id*. "Additionally, it is clear that the 'next-friend' bears the burden of demonstrating his right to proceed under § 2242." *Id*.

As a threshold requirement for Mr. Guerrero to have standing to file the IFP Motion and to pursue the Petition as a next-friend of Mr. Gonzalez, Mr. Guerrero must show that (1) Mr. Gonzalez is unable to litigate his own cause due to "inaccessibility, mental incompetence, or other disability" and (2) Mr. Guerrero is "truly dedicated to the best interests" of Mr. Gonzalez. *Whitmore v. Arkansas,* 495 U.S. 149, 163–64 (1990). "The burden is on the next-friend clearly to establish the propriety of his status[.]" *Franklin v. Francis,* 144 F.3d 429, 432 (6th Cir. 1998) (citation and internal quotation marks omitted).

Even if, solely for discussion purposes, the Court liberally construes the IFP Motion to suggest that Mr. Guerrero is acting in Mr. Gonzalez's best interest, there is no demonstration in the Petition, IFP Motion, or Emergency Motion that Mr. Gonzalez is incompetent or otherwise incapable of pursuing his own habeas action. (*See* ECF No. 1 at PageID 1; ECF No. 3 at PageID 28; ECF No. 5 at PageID 30.) Mr. Guerrero has not explained at all why his father cannot petition a court for habeas relief. (*See generally* ECF Nos. 1 & 3.) Thus, Mr. Guerrero has failed to bear his burden of showing Mr. Gonzalez is unable to direct this habeas proceeding on his own behalf.

3

Therefore, Mr. Guerrero lacks standing to act as Mr. Gonzalez's next-friend and the Court lacks jurisdiction over the Petition, to the extent it was filed by Mr. Guerrero.

For these reasons, the IFP Motion (ECF No. 3) is **DENIED WITHOUT PREJUDICE**, subject to:

(1) Mr. Guerrero's right to submit, within **TWENTY-ONE (21) DAYS OF THE DATE OF THIS ORDER**, as a next-friend of Mr. Gonzalez who meets the requirements of *Whitmore v. Arkansas*, 495 U.S. 149:

> (a) the Petition; and
>
> (b) a motion for leave to proceed *in forma pauperis* or the $5.00 habeas filing fee;

or

(2) Mr. Gonzalez's right to re-file the Petition on his own behalf, within **TWENTY-ONE (21) DAYS OF THE DATE OF THIS ORDER**, accompanied by:

> (a) a properly completed motion to proceed *in forma pauperis*, comprised of[1]:
>
>> (i) a signed and fully completed Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240) demonstrating his indigency; and
>>
>> (ii) a certified inmate trust account statement for the last six months, as required by 28 U.S.C. § 1915(a)(1)-(2)[2];

---

[1] Mr. Gonzalez is advised that if his inmate trust account had a balance of at least twenty-five dollars ($25.00) on the date the Petition was filed, an application to proceed *in forma pauperis* will be denied.

[2] "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-

or

(b) the $5.00 habeas filing fee required by 28 U.S.C. § 1914(a).

The Clerk is **DIRECTED** to mail a copy of the prisoner Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240) to Mr. Gonzalez along with this Order.

Mr. Gonzalez is **ORDERED** to notify the Court immediately, in writing, of any change of address.  If Mr. Gonzalez fails to abide by this requirement or any other requirement of this Order in a timely manner, the Court may, without further notice, impose appropriate sanctions, up to and including dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**, this 20th day of January, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(1)–(2).